**Cornell MAYE, Plaintiff–Appellant,**

v.

**Michael ARCURI, individually and in his official capacity as Oneida County District Attorney, Peter Paravati, individually and in his official capacity**

as **Undersheriff for Oneida County, Timothy Julian, individually and in his individual capacity as Mayor of the City of Utica, County of Oneida, City of Utica, John Doe, a fictitious name to indicate other person, Defendants–Appellees.**

No. 05–0784–cv.

United States Court of Appeals, Second Circuit.

May 5, 2006.

Leon R. Koziol, Utica, New York, for Plaintiff–Appellant.

Vincent J. Rossi, Jr., Rossi and Murnane, New York Mills, New York, for Defendant–Appellee, Michael A. Arcuri.

Charles N. Brown, Corporation Counsel's Office, Utica, New York, for Defendant–Appellee, Timothy Julian.

Bartle J. Gorman, Gorman, Waszkiewicz, Gorman & Schmitt, Utica, New York, for Defendants–Appellees, County of Oneida and Peter Paravati.

Linda Fatada, Corporation Counsel, Utica, New York, for Defendant–Appellee, City of Utica.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges, and Hon. LOUIS F. OBERDORFER,* District Judge.

---

* The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

## SUMMARY ORDER

Plaintiff Cornell Maye ("Maye"), former Commissioner of Public Safety in the City of Utica, appeals from a judgment entered on January 24, 2005, in the United States District Court for the Northern District of New York (Hurd, *J.*), dismissing, pursuant to Rule 56, Fed.R.Civ.P., his claims against the City, the County, and various officials, alleging racial discrimination and hostile work environment (42 U.S.C. § 1981), Substantive Due Process, Procedural Due Process, and First Amendment retaliation (42 U.S.C. § 1983). Maye also appeals the October 2, 2003 dismissal by the district court of the amended complaint as to District Attorney Michael Arcuri. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

(1) The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed.R.Civ.P. Rule 8 also requires that "each averment of a pleading shall be simple, concise, and direct." Rule 8(e)(1), Fed.R.Civ.P. There is no error or First Amendment violation where a district court insists that a plaintiff revise his complaint to comply with the pleading requirements of the Federal Rules.

(2) The claims against Arcuri were dismissed by stipulation on the eve of oral argument. That stipulation is so ordered.

(3) Maye's conspiracy claim was properly dismissed by the district court. Maye failed to allege adequately that, even assuming the parties conspired against him, they conspired to violate Maye's constitutional rights.

(4) Maye's stigma-plus claim was also properly dismissed because he failed to adduce evidence that stigmatizing statements were made in relation to his termination. *See Patterson v. Julian,* 370 F.3d 322, 330 (2d Cir.2004).

We have considered Maye's remaining arguments and find them all to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.